petitions, are unanimously reversed, on the law and the facts, without costs; the petition to invalidate the designating petitions of Gregory W. Faulkner and Carmen Rodriguez is granted, and the petition to validate their designating petitions is denied, and the Board of Elections is directed not to place their names on the ballot for the Democratic Party position as Male and Female District Leaders for the 71st Assembly District, Part D, in the primary election to be held on September 11, 1979. We think the fair meaning of the stipulation as to numbers of valid and invalid signatures was to reserve to each side the opportunity to correct the stipulation as to any signatures thereafter determined to be otherwise than as stipulated. The appellants-objectants thus reserved the right to show that certain signatures tentatively stipulated to be valid were invalid. The referee found that, but for his (mistaken) interpretation of the parties' stipulation, he would have ruled an additional nine signatures invalid based on nonregistration or nonenrollment, and that this would change the final tally to 309 valid signatures and 363 invalid signatures, making the valid signatures five short of the minimum number required. Concur—Kupferman, J. P., Fein, Lane, Markewich and Silverman, JJ.

■ In the Matter of NORMA J. TURRILL, Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and MARIO E. BROD et al., Respondents.—Order, Supreme Court, New York County, entered August 22, 1979, denying petition to invalidate designating petition of Mario E. Brod, is unanimously reversed, on the law and the facts, without costs; said petition to invalidate is granted and the Board of Elections is directed not to place the name of respondent Mario E. Brod on the ballot for the Republican Party position of District Leader for the 64th Assembly District, South Part, in the forthcoming primary election. The withdrawal by the candidate before the referee of his opposition to the invalidating petition amounted to a judicial admission which relieved the invalidating petition of the necessity of presenting proof. Concur—Kupferman, J. P., Fein, Lane, Markewich and Silverman, JJ.

■ In the Matter of FRANCES BROWN, Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and HILTON B. CLARK et al., Respondents.—Judgment, Supreme Court, New York County, entered on or about August 22, 1979, unanimously affirmed, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Fein, Lane, Markewich and Silverman, JJ.

■ In the Matter of JOHN BENNINGS, Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and HAZEL SMITH et al., Respondents.—Judgment, Supreme Court, New York County, entered on or about August 21, 1979, unanimously affirmed, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Fein, Lane, Markewich and Silverman, JJ.

■ In the Matter of B. A. RITTERSPORN, JR., et al., Respondents, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and THOMAS VENTURINI, Appellant.—Judgment, Supreme Court, New York County, entered on August 22, 1979, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals granted. No opinion. Concur—Kupferman, J. P., Fein, Lane, Markewich and Silverman, JJ.

■ In the Matter of HARRY H. ZUCKER, Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and EUGENE GLABERMAN et al., Respondents. In the Matter of GARY